FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN PORTILLO,<br><br>Defendant. | No.   1:23-CR-2060-RLP-1<br><br>ORDER ON PRETRIAL MOTIONS |

Before the Court are Christian Portillo's Motions to Suppress Evidence, Motion to Dismiss Indictment for Speedy Trial Violation, Motion to Dismiss Indictment, Motion in Limine, and Motion for Bill of Particulars. ECF Nos. 59, 60, 61, 68, 69. A hearing was held in this matter on August 21, 2025. Attorney Nicholas Marchi appeared on behalf of Mr. Portillo who was present in the custody of the United States Marshal. Assistant United States Attorneys Michael Murphy and Brandon Pang appeared on behalf of the government.

For the reasons set forth below and stated on the record, Mr. Portillo's Motion in Limine is deferred in part, granted in part, and denied in part. The remaining motions are denied. The trial date of September 22, 2025 in Yakima, Washington is confirmed. The

ORDER ON PRETRIAL MOTIONS ~ 1

parties shall refer to the Court's scheduling order (ECF No. 67) for directions as to trial filings and procedures.

## BACKGROUND

On November 21, 2023, Mr. Portillo was indicted for Distribution of 40 Grams or More of Fentanyl in violation of 21 U.S.C. § 841(a)(1) and Forfeiture Allegations under 21 U.S.C. § 853. ECF No. 1. A warrant was issued and Mr. Portillo was arrested in Spanaway, Washington on May 10, 2024. ECF No. 4, 7. After a detention hearing in the Western District of Washington, Mr. Portillo remained in custody. ECF No. 8 at 13.

Mr. Portillo was arraigned in Yakima on June 17, 2024. ECF No. 18. Attorney Paul Shelton of the Federal Defenders appeared as counsel on June 18, 2024. ECF No. 19. This case was originally assigned to Chief Judge Bastian. On July 2, 2024, Judge Bastian issued an order setting trial for August 25, 2024. ECF No. 21.

On August 7, 2024, Mr. Shelton filed a motion to continue the trial date. ECF No. 26. The motion was not accompanied by a speedy trial waiver. Mr. Shelton's written motion explained Mr. Portillo did not agree to the delay. The motion stated that the defense had received discovery on June 25, 2024, and that additional materials were expected. Mr. Shelton explained he had a trial July 29-August 1 and was at a conference in mid-July. He did not have adequate time to prepare for an August 25 trial. No pretrial motions had been filed.

A hearing was held on August 13, 2024. At the hearing, Mr. Shelton explained Mr. Portillo had "some hesitations about a continuance," due to being in custody. ECF No. 39

ORDER ON PRETRIAL MOTIONS ~ 2

at 4. Nevertheless, Mr. Shelton repeated his explanation that he needed additional time to prepare for trial. He requested a trial date of October 28, 2024. The Government did not object. Counsel for the Government explained that there were circumstances regarding Mr. Portillo's arrest that "have led to additional investigations" and could result "in additional matters" that could bear on "sentencing or … trial." ECF No. 39 at 6. Judge Bastian addressed Mr. Portillo during the hearing and Mr. Portillo said he did not want to continue the case "just because the circumstances of being in jail" were "taxing." ECF No. 39 at 7. The Court asked Mr. Portillo to explain what he meant by "taxing," and Mr. Portillo explained it was "[m]entally draining" and difficult to be away from family. ECF No. 39 at 7.

Judge Bastian granted the motion to continue and issued a written order, finding "the ends of justice served by such a continuance outweigh the public's and Defendant's interest in a speedy trial and additional time is necessary, taking into account the exercise of due diligence." ECF No. 28. Trial was rescheduled for October 28, 2024.

At the next pretrial conference on October 21, 2024, Mr. Shelton orally informed Judge Bastian that he needed "additional time" for trial. ECF No. 40 at 3. Mr. Shelton explained that Mr. Portillo was "not on board" with a request for a continuance and that was why counsel did not file a written motion or a speedy trial waiver. ECF No. 40 at 3. Mr. Shelton then elaborated on the circumstances of Mr. Portillo's arrest that had been referenced by the Government in the previous hearing. Mr. Shelton explained that law enforcement had executed a search warrant at Mr. Portillo's home and discovered the body

ORDER ON PRETRIAL MOTIONS ~ 3

of a juvenile who was recently deceased. Mr. Shelton explained that while the search warrant had been executed in a different judicial district, the investigation related to Mr. Portillo's arrest was relevant to potential resolution of the current charge.

The Government did not object to Mr. Shelton's request for a continuance and Judge Bastian orally granted the continuance and set a new trial date for March 10, 2025. Judge Bastian asked Mr. Portillo if he understood what had occurred and Mr. Portillo said, "I understand." ECF No. 40 at 6. Nevertheless, Mr. Portillo expressed his belief that what happened was not a "motion on [his] behalf." ECF No. 40 at 6. Judge Bastian explained that he considered Mr. Shelton's request "to be a motion orally, not a written motion." ECF No. 40 at 7. Mr. Portillo stated he understood but did not "agree" with the motion. ECF No. 40 at 8.

During the October 22 hearing, Mr. Shelton referenced the fact that Mr. Portillo had not yet been able to view a video of the drug transaction that formed the basis of the Indictment. Mr. Shelton had been able to watch the video at the U.S. Attorney's Office, but he had not yet been able to show it to Mr. Portillo. Counsel for the Government explained that the Government was protective of the video because it would reveal the identity of the confidential informant. According to the Government, once the video was shared with Mr. Portillo, all plea negotiations would be off. Mr. Shelton indicated he did not want the Government to immediately turn over the video because Mr. Portillo had not yet made a decision that "he wants to go to trial and therefore not negotiate a resolution

ORDER ON PRETRIAL MOTIONS ~ 4

with the United States." ECF No. 40 at 17. Consistent with the representations made by defense counsel, Judge Bastian did not order the immediate release of the video.

On December 11, 2024, Mr. Portillo's case was reassigned to the undersigned judge.

On January 14, 2025, Mr. Shelton withdrew as counsel and attorney Ben Hernandez of the Federal Defenders appeared. ECF No. 35. On February 20, 2025, attorney Mr. Hernandez moved for a continuance. ECF No. 36. The continuance request explained Mr. Hernandez had recently been assigned to the case. He needed additional time to review discovery and complete investigation. He had met with Mr. Portillo several times. Mr. Hernandez stated Mr. Portillo "may or may not agree with the necessity for this continuance." ECF No. 36.

The Court considered Mr. Hernandez's motion at a pretrial conference on February 27, 2025. During the hearing, Mr. Hernandez explained he would not be ready to go to trial by March 10, but Mr. Portillo was not willing to "waive his rights to a speedy trial." ECF No. 78 at 3. The Court addressed Mr. Portillo and explained that because he had new counsel, the ends of justice warranted a continuance. Trial was then continued to June 9, 2025. The Court subsequently issued a written order explaining the existing trial date "would deprive defense counsel of adequate time to obtain and review discovery and conduct effective preparation," and the ends of justice are served by a continuance. ECF No. 38.

ORDER ON PRETRIAL MOTIONS ~ 5

On April 9, 2025, Mr. Hernandez filed an ex parte motion to withdraw as counsel. ECF No. 41. The Court granted the motion and on April 14, attorney Nick Marchi was appointed as counsel for Mr. Portillo.

On May 10, 2025, Mr. Marchi filed a motion to continue based on his recent appointment. Mr. Portillo objected to the request. ECF No. 45. A hearing was held on Mr. Marchi's motion on May 22, 2025.

Before addressing the request for a continuance, the Court heard from counsel regarding the status of discovery. Mr. Marchi requested disclosure of items from Mr. Portillo's prior counsel and he also requested disclosure of the video of the undercover drug transaction. The Court inquired of the Government and arranged for disclosure of the requested materials. Mr. Portillo addressed the Court and expressed concern that the Government's failure to previously disclose the video "seems to be like a little bad faith." ECF No. 79 at 5. The Court explained that it did not have sufficient information to make a finding of bad faith, but the video would be ordered.

With respect to Mr. Marchi's motion to continue, the Court explained Mr. Marchi needed to be able to review outstanding discovery and investigate the case. The Court then ruled that the ends of justice merited continuing the case as requested by Mr. Marchi. A written order was also entered, making the same finding. ECF No. 48. The trial was rescheduled for August 25, 2025 and a pretrial conference was set for July 31, 2025.

On June 18, 2025, a superseding indictment was filed charging Mr. Portillo with Distribution of 400 Grams or More of Fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi) and Forfeiture Allegations under 21 U.S.C. § 853. ECF No. 49.

Due to scheduling conflicts, first by the parties, and then by the Court, the pretrial conference was reset to July 17, 2025. ECF Nos. 52, 53.

On July 10, 2025 Mr. Portillo filed a Motion to Suppress Evidence (ECF No. 59), Motion to Dismiss Case Regarding Speedy Trial Act Violations (ECF No. 60), and Motion to Dismiss Indictment (ECF No. 61).

The parties appeared before the Court for the previously scheduled pretrial conference on July 17, 2025. At that time, the Government had not yet had the opportunity to respond to Mr. Portillo's pretrial motions. Mr. Portillo also indicated he wished to file additional motions. Based on the pendency of the motions and the status of the case, the Court struck the August 25, 2025 trial date and re-set trial for September 22, 2025. *See* ECF No. 67. The Court set a final motions deadline for July 22, 2025 and a hearing date for August 21, 2025. *Id*.

As contemplated by the Court's order, Mr. Portillo filed additional motions on July 22, 2025. The motions included a motion in limine (ECF No. 68) and a Motion for Bill of Particulars (ECF No. 59).

## ANALYSIS

As set forth above, Mr. Portillo has filed five pretrial motions. Each is addressed in turn.

1. Motion to Suppress Evidence (ECF No. 59)

Mr. Portillo seeks to suppress evidence seized from a storage unit located in Puyallup, Washington pursuant to a state-issued warrant. The Government represents that it will not introduce evidence obtained via the state warrant for the storage unit, nor will it seek to introduce testimony regarding the contents of the storage unit.

Given the Government's representation that it will not introduce the evidence at issue in Mr. Portillo's motion to suppress, the motion is denied as moot.

2. Motion to Dismiss Case RE Speedy Trial Act Violation (ECF No. 60)

Mr. Portillo argues that the delays in bringing his case to trial violate his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 1361, and the Sixth Amendment. Each is addressed in turn.

*Speedy Trial Act*

The Speedy Trial Act requires that a defendant be brought to trial within 70 days from the filing date of the indictment, or from the date the defendant has appeared before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). Because more than 400 days have passed since his arraignment, Mr. Portillo contends that his consistent request for a speedy trial require that the Superseding Indictment be dismissed. The Court disagrees.

While the Speedy Trial Act provides a right to trial within 70 days, the Act also recognizes that the circumstances of a particular case may justify continuances and the exclusion of time from the 70-day clock. Under 18 U.S.C. § 3161(h)(7)(A), the Court can exclude "[a]ny period of delay resulting from a continuance granted by the judge" if the

ORDER ON PRETRIAL MOTIONS ~ 8

judge finds "that the ends of justice served by" the continuance "outweigh the best interest of the public and the defendant in a speedy trial." A continuance request under § 3161(h)(7)(A) need not be made by the defendant. It can also be made by the judge, defense counsel, or the attorney for the government. *Id*.

An ends of justice continuance has two requirements: (1) the continuance must be specifically limited in time; and (2) it must be justified on the record with reference to the facts at the time the delay is ordered. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Factors to be considered are the likelihood of a miscarriage of justice, the complexity of the case, and the lack of opportunity for counsel to complete adequate trial preparations using due diligence. 18 U.S.C. § 3161(h)(7)(B).

There have been four continuances in this case there were granted under 18 U.S.C. § 3161(h)(7). Each was fully justified. All four continuances were time limited. And all four were specifically based on the needs of defense counsel to investigate Mr. Portillo's case and provide effective assistance. When granting the continuances, the Court made oral and written findings that the ends of justice warranted a continuance, despite Mr. Portillo's stated objections to any continuance. The terms of the Act were satisfied. The record demonstrates that had the Court denied any of the four continuances at issue in this case, Mr. Portillo would likely have been deprived of his right to adequate representation.

*Sixth Amendment*

Apart from his Speedy Trial Act claim, Mr. Portillo also argues the continuances in this case have violated his Sixth Amendment right to a speedy trial. Four factors are

ORDER ON PRETRIAL MOTIONS ~ 9

relevant assessing Sixth Amendment speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003) (citing *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182 (1972)). Each factor is considered in turn.

First, the length of the delay is a threshold issue. *Gregory*, 322 F.3d at *id.* Courts have generally found that delays approaching one year are presumptively prejudicial. *Doggett v. United States,* 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686 (1992). In this case, the delay between initial appearance and trial is greater than one year and is presumptively prejudicial. However, the delay is not a great delay, so this factor tips only slightly in Mr. Portillo's favor. *See United States v. King,* 483 F.3d 969, 976 (9th Cir. 2007) (concluding nearly two-year delay was "not excessive" and did not weigh seriously in the defendant's favor); *Gregory*, 322 F.3d at 1162 (finding delay of 22 months "not excessively long" which did not "weigh heavily" in defendant's favor); *United States v. Tanh Huu Lam,* 251 F.3d 852, 857 (9th Cir. 2001) (finding a 15-month delay triggered *Barker* inquiry but would only "militate slightly in [defendant's] favor"); *United States v. Beamon,* 992 F.2d 1009, 1014 (determining 17-month and 20-month delays were not "great").

Second, Mr. Portillo challenges the reason for the delay. The reason for the delay is the "focal inquiry." *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (quoting *United States v. Sears, Roebuck & Co., * 877 F.2d 734, 739-40 (9th Cir.1989)). Here, as set forth above, the reason for delay in this case is justified. Each continuance was requested

ORDER ON PRETRIAL MOTIONS ~ 10

by Mr. Portillo's attorney and each request for continuance was considered at a hearing where findings were made.

Mr. Portillo complains that the delay in this case has been attributable to government misconduct because he was not provided a copy of the undercover video until approximately May 23, 2025. The Court disagrees with this assessment. The record shows Mr. Portillo's first attorney was able to view the video at some point before October 21 2024. *See* ECF No. 40 at 10. The Government was justified in delaying Mr. Portillo's access to the video in order to protect the identity of the confidential informant. The Government never disputed that Mr. Portillo would be able to view the video in advance of trial, should the parties not be able to negotiate an agreed resolution of the charges. Given these circumstances, the delay was not reasonably attributable to the Government and does not support Mr. Portillo's argument.

Mr. Portillo also suggests that the Government contributed to delay by virtue of the investigation out of the Western District of Washington. The record fails to substantiate this criticism. The investigation in the Western District of Washington pertained to a deceased juvenile found at the same location and time of Mr. Portillo's arrest in May of 2024. The investigation was on-going until February 27, 2025 at the latest. *See* ECF No. 78 at 5 (Government represents that the Western District of Washington's investigation had "resolved"). Given the nature of the investigation, it is not surprising that it took several months for the Government provide complete discovery regarding the investigation. Any delay in disclosure is not indicative of negligence or misconduct.

ORDER ON PRETRIAL MOTIONS ~ 11

Third, Mr. Portillo's assertion of his speedy trial rights weighs somewhat in his favor. Mr. Portillo has consistently reported that he opposed any delay. However, "the mere fact of proper, timely assertion [of speedy trial rights] does not warrant dismissal" *United States v. Turner*, 926 F.2d 883, 889 (9th Cir. 1991).

The fourth and final factor involves a showing of prejudice. Mr. Portillo claims prejudice because:

- While he has been in custody awaiting trial, he has faced allegations of being involved in a jail riot and that he smuggled contraband into the jail.
- He was place into administrative segregation based on these unsubstantiated claims.
- He has suffered from a lack of medical attention for a dental problem while in jail.
- He has not been able to see his two-year-old daughter, for whom he was the primary caregiver, which causes more prejudice.
- He has increased mental distress over the current charges and the investigation for a state matter. He has requested mental health and medical treatment and only recently received an anxiety diagnosis and medication.

None of these circumstances rises to prejudice due to delay in this case. The Court notes that there is no evidence of any of these matters in the record. But in any event, Mr. Portillo's segregation and allegations related to his confinement while in custody do not constitute prejudice. The other assertions of prejudice of being separated from family, reduced access to dental and other health care, and the anxiety of awaiting resolution of a case are issues faced by most who are awaiting trial. *See United States v. Myers*, 930 F.3d 1113, 1122-23 (9th Cir. 2019).

ORDER ON PRETRIAL MOTIONS ~ 12

The balance of the four applicable factors weighs against Mr. Portillo. The Court therefore concludes that the delay in this case has not violated Mr. Portillo's Sixth Amendment right to a speedy trial.

Based on the foregoing, Mr. Portillo's Motion to Dismiss based on alleged Speedy Trial Act and Sixth Amendment violations is denied.

3. Motion to Dismiss Case (ECF No. 61)

Apart from his motion to dismiss for violation of his right to a speedy trial, Mr. Portillo has also filed a motion to dismiss based on pre-indictment delay. The indictment was filed on November 21, 2023. Yet Mr. Portillo was not arrested until May 10, 2024. Mr. Portillo argue the delay of nearly six months between the filing of the indictment and his arrest caused prejudice for his defense.

In limited circumstances, due process requires dismissal of an indictment brought before the end of the applicable statute of limitations period. *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). Courts apply a two-part test to determine whether preindictment delay denied due process: (1) the defendant must prove actual, non-speculative prejudice from the delay; and (2) the length of the delay, when balanced against the reason for the delay, must offend those "'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *Id.* The inquiry ends if the defendant fails to demonstrate actual prejudice. *See United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995).

ORDER ON PRETRIAL MOTIONS ~ 13

Mr. Portillo fails to meet the first hurdle of the due process inquiry in that he has not shown prejudice. Mr. Portillo laments that the delay in this case prevented him from locating surveillance video from the scene of the controlled buy. But Mr. Portillo does not demonstrate that any such video has ever existed. Nor does he explain how the contents of a surveillance video would help his defense. To obtain relief from prosecution based on pre-indictment delay, a defendant must meet a "heavy" burden to show "non-speculative" evidence of prejudice. *Huntley*, 976 F.2d at 1290. This standard has not been met.

The Motion to Dismiss Indictment based on preindictment delay is denied.

4. Motion in Limine (ECF No. 68)

Mr. Portillo has filed a motion to exclude impeachment evidence of his prior convictions under FRE 609(a)(1)(B) and evidence of other drug trafficking activities under FRE 404(b). Each issue is addressed in turn.

*Prior convictions under FRE 609(a)(1)(B)*

Rule 609 of the Federal Rules of Evidence addresses the use of criminal convictions as impeachment evidence. Under FRE 609(a)(1)(B), if the defendant testifies as a witness, then the court "must" admit evidence of the defendant's prior felony conviction as impeachment evidence "if the probative value of the evidence outweighs its prejudicial effect" to the defendant.

Mr. Portillo has three Washington state convictions that fall under the scope of FRE 609(a)(1)(B): a 2016 conviction for second degree robbery, a 2016 conviction for residential burglary, and a 2021 conviction for third degree assault. Mr. Portillo argues

ORDER ON PRETRIAL MOTIONS ~ 14

that, should he testify at trial, the Government must be precluded from attempting to impeach him with evidence of his prior convictions.

Five factors are relevant to determining whether the prejudicial effect of prior convictions outweighs the probative value:

> (1) The impeachment value of the prior crime;
> (2) The point in time of the conviction and the witness' subsequent history;
> (3) The similarity between the past crime and the charged crime;
> (4) The importance of the defendant's testimony;
> (5) The centrality of the credibility issue.

*United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979). The government bears the burden of showing that the evidence's probative value substantially outweighs its prejudicial effect. *United States v. Brown*, 829 F.2d 760, 763 (9th Cir. 1987).

Based on the current record, it appears that the first three factors favor allowing the Government to impeach Mr. Portillo with his prior convictions. First, the Ninth Circuit has recognized that each of the types of convictions in this case has impeachment value. *See United States v. Alexander*, 48 F.3d 1477, 1489 (9th Cir. 1995) (robbery); *United States v. Givens*, 767 F.2d 574, 579 (9th Cir. 1985) (assault with a deadly weapon); *United States v Oaxaca*, 569 F.2d 518, 527 (9th Cir. 1978) (burglary). Second, all of Mr. Portillo's convictions were sustained within the past 10 years and one of the prior convictions was imposed just two years before Mr. Portillo's offense conduct. And third, none of the prior convictions involve offenses similar to the offense charged in the Indictment. This minimizes the potential prejudicial effect and the factor favors admission. *See United States v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985) ("To allow evidence of a prior

ORDER ON PRETRIAL MOTIONS ~ 15

conviction of the very crime for which a defendant is on trial may be devastating in its potential impact on a jury.").

The Court is unable to weigh the fourth and fifth factors without knowing more about the facts of the case and Mr. Portillo's defense. Thus, the Court defers ruling on the admissibility of Mr. Portillo's prior convictions until trial. Should Mr. Portillo decide to testify, the Court expects to issue a ruling prior to his testimony.

*Other drug trafficking activities under FRE 404(b)*

FRE 404(b)(1) prohibits the Government from introducing evidence of other acts committed by the Defendant in order to prove that the defendant acted in accordance with a particular character trait. However, not all evidence touching on extrinsic activity falls under the ambit of FRE 404(b)(1). Relevant here, evidence inextricably intertwined with the charged offense does not fall under FRE 404(b). *See United States v. Lillard,* 354 F.3d 850, 854 (9th Cir. 2003).

Mr. Portillo claims that the Government has notified him of its intent to introduce FRE 404(b) evidence at trial and argues that such evidence should be excluded. As clarified during the August 21, 2025 hearing, there are two categories of evidence at issue: (1) an undercover recording of the June 8, 2023 drug transaction, during which Mr. Portillo and the CS discussed their history of prior drug transactions; and (2) text messages between Mr. Portillo and the CS arranging for the June 8, 2023 transaction, during which Mr. Portillo referenced prior drug trafficking activity with the CS.

ORDER ON PRETRIAL MOTIONS ~ 16

The Government argues that the two aforementioned categories of evidence do not qualify as other act evidence as contemplated by FRE 404(b). The Court agrees. The two sets of communications recited above constitute "part of the transaction that serves as a basis for the criminal charge." *United States v. Carpenter*, 923 F.3d 1172, 1181 (9th Cir. 2019). Thus, the statements made during the two sets of communication are admissible, regardless of whether the CS and Mr. Portillo may have referenced prior drug trafficking activities.

The Government also requests that the CS be permitted to discuss his history of drug activity with Mr. Portillo as background information, explaining why the CS identified Mr. Portillo to law enforcement as a source of supply for an undercover drug transaction. The Court determines that this type of testimony implicates FRE 404(b). It appears the CS can provide adequate background information by explaining that the CS has known Mr. Portillo for several years, and that, based on this relationship, the CS believed the CS would be able to arrange for a controlled buy of drugs from Mr. Portillo. Thus, Mr. Portillo's motion to exclude other act evidence under FRE 404(b) is granted in part, in that the Government shall be prohibited from introducing evidence of other drug trafficking activities, except as specifically authorized by this Order. This determination is without prejudice to reassessing the admissibility of FRE 404(b) evidence, should Mr. Portillo open the door to the admissibility of other act evidence at trial.

5. Motion for Bill of Particulars (ECF No. 69)

Mr. Portillo is charged with a single count of Distribution of 400 Grams or More of Fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi). He requests a bill of particulars to clarify the indictment as it relates to alleged statements between Mr. Portillo and a confidential source between 2020 and 2022. The Government opposes the request because Mr. Portillo has been provided discovery which is more than adequate to notify him of the nature of the single charge against him for a single criminal act.

Under Fed.R.Crim.P. 7(f), "[t]he court may direct the government to file a bill of particulars." A bill of particulars may be necessary "[t]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Ayers,* 924 F.2d 1468, 1483 (9th Cir. 1991) (internal citation and quotation omitted). The purposes served by a bill of particulars are accomplished if the indictment provides sufficient detail of the charges and if the defendant is provided full discovery. *United States v. Mitchell,* 744 F.2d 701, 705 (9th Cir.1984).

The Ninth Circuit had held that a bill of particulars was not warranted to obtain the names of unknown coconspirators, to determine the exact date on which the conspiracy allegedly began, and to delineate all other overt acts that comprised the charged activity. *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985).

In this case, the indictment provides sufficient detail of the charges. The Government has provided defendant with full discovery, including a video, texts, and reports regarding the single transaction at issue in the case. The 404(b) filing, ECF No. 65, provides additional detail regarding the Government's theory of the case. For this reason, the request for a bill of particulars is denied.

## CONCLUSION

Based on the foregoing, the Court's ruling is as follows:

1. Mr. Portillo's Motion to Suppress (**ECF No. 59**) is **DENIED** as moot.

2. Mr. Portillo's Motion to Dismiss for Speedy Trial Violation (**ECF No. 60**) is **DENIED**.

3. Mr. Portillo's Motion to Dismiss based on pre-indictment delay (**ECF No. 61**) is **DENIED**.

4. Mr. Portillo's Motion in Limine **(ECF No. 68)** is **RESERVED** in part, **DENIED** in part, and **GRANTED** in part.

5. Mr. Portillo's Motion for Bill of Particulars **(ECF No. 69)** is **DENIED**.

IT IS SO ORDERED. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** August 21, 2025.

REBECCA L. PENNELL
United States District Judge