FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 19, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>  v.<br><br>CHRISTIAN PORTILLO,<br><br>           Defendant. | No.   1:23-CR-2060-RLP-1<br><br>SECOND ORDER ON PRETRIAL MOTIONS |

Before the Court are Christian Portillo's Motion to Dismiss, Motion to Dismiss for Due Process Violations, Motion to Dismiss for Violations of the Federal Rules of Criminal Procedure, Local Court Rules & Court Orders, Motion to Dismiss for Entrapment, Motion in Limine, Second Motion to Compel Discovery, Motion to Return Property, and Second Motion in Limine. ECF Nos. 102, 103, 104, 122, 123, 141, 144, 154. The motions were heard at the pretrial conference on September 18, 2025. Attorney Christine Bennett appeared on behalf of Mr. Portillo who was present in the custody of the United States Marshal. Assistant United States Attorneys Michael Murphy and Brandon Pang appeared on behalf of the government.

For the reasons set forth below and stated on the record, Mr. Portillo's Motion in

SECOND ORDER ON PRETRIAL MOTIONS ~ 1

Limine granted in part, denied in part, and deferred in part; the Motion to Compel is granted in limited part and denied in part; and the Second Motion in Limine is denied in part and reserved in part. The remaining motions are denied. The trial date of January 5, 2025 in Yakima, Washington is confirmed. The parties shall refer to the Court's scheduling order (ECF No. 97) for directions as to trial filings and procedures.

BACKGROUND

On November 21, 2023, Mr. Portillo was indicted for Distribution of 40 Grams or More of Fentanyl in violation of 21 U.S.C. § 841(a)(1) and Forfeiture Allegations under 21 U.S.C. § 853. ECF No. 1. A warrant was issued and Mr. Portillo was arrested in Spanaway, Washington on May 10, 2024. ECF No. 4, 7. After a detention hearing in the Western District of Washington, Mr. Portillo remained in custody. ECF No. 8 at 13. He was arraigned in the Eastern District of Washington on June 17, 2024. ECF No. 18. A detailed background of the case was set forth in the Court's prior Order on Pretrial Motions, ECF No. 81.

Mr. Portillo was originally represented by attorney Paul Shelton of the Federal Defenders and trial was set for August 25, 2024, before Judge Bastian. ECF Nos. 19, 21. On August 7, 2024, Mr. Shelton filed a motion to continue the trial date, noting that Mr. Portillo did not agree to the delay. ECF No. 26. After a hearing, a continuance was granted and the trial was rescheduled for October 28, 2024. ECF No. 26. On October 21, 2024, another continuance was granted upon Mr. Shelton's request. ECF No. 32.

SECOND ORDER ON PRETRIAL MOTIONS ~ 2

During the October 21 hearing, Mr. Shelton indicated that Mr. Portillo had not yet viewed a video of the drug transaction that formed the basis of the Indictment. Mr. Shelton had watched the video at the U.S. Attorney's Office, but he had not yet been able to show it to Mr. Portillo. Counsel for the Government explained that the Government was protective of the video because it would reveal the identity of the confidential source. According to the Government, once the video was shared with Mr. Portillo, all plea negotiations would be off. Mr. Shelton indicated he did not want the Government to immediately turn over the video because Mr. Portillo had not yet made a decision that "he wants to go to trial and therefore not negotiate a resolution with the United States." ECF No. 40 at 17. Consistent with the representations made by defense counsel, Judge Bastian did not order the immediate release of the video.

On December 11, 2024, Mr. Portillo's case was reassigned to the undersigned.

On January 14, 2025, Mr. Shelton withdrew as counsel and attorney Ben Hernandez of the Federal Defenders appeared. ECF No. 35. On February 20, 2025, attorney Mr. Hernandez moved for a continuance and noted that Mr. Portillo "may or may not agree with the necessity for this continuance." ECF No. 36. On February 27, 2025, the Court found that because Mr. Portillo had new counsel, the ends of justice warranted a third continuance. ECF No. 38. Trial was continued to June 9, 2025.

On April 9, 2025, Mr. Hernandez filed an *ex parte* motion to withdraw as counsel. ECF No. 41. The Court granted the motion and on April 14, attorney Nick Marchi was appointed as counsel for Mr. Portillo. On May 10, 2025, Mr. Marchi filed a motion to

SECOND ORDER ON PRETRIAL MOTIONS ~ 3

1  continue based on his recent appointment. Mr. Portillo objected to the request. ECF No.

2  45. After a hearing on May 22, 2025, the Court ruled that the ends of justice merited a

3  fourth continuance of the trial date. ECF No. 48. The trial was rescheduled for August 25,

4  2025.

5       In addition, the Government was ordered to notify defense counsel about the

6  timeline for delivery of the video in a format that could be easily reviewed with Mr.

7  Portillo. ECF No. 48. The video was delivered on June 4, 2025. ECF No. ECF No. 155 at

8  5; *see* ECF No. 103-3 at 86-87 (sealed); ECF No. 111 at 148 (sealed).

9       On June 18, 2025, a superseding indictment was filed charging Mr. Portillo with

10  Distribution of 400 Grams or More of Fentanyl in violation of 21 U.S.C. § 841(a)(1),

11  (b)(1)(A)(vi) and Forfeiture Allegations under 21 U.S.C. § 853. ECF No. 49.

12       On July 10, 2025 Mr. Portillo filed a Motion to Suppress Evidence (ECF No. 59),

13  Motion to Dismiss Case Regarding Speedy Trial Act Violations (ECF No. 60), and Motion

14  to Dismiss Indictment (ECF No. 61). At the previously scheduled pretrial conference on

15  July 17, 2025, the Government had not yet had the opportunity to respond to Mr. Portillo's

16  pretrial motions. Mr. Portillo also indicated he intended to file additional motions. Based

17  on the pendency of the motions and the status of the case, the Court struck the August 25,

18  2025 trial date and reset the trial for September 22, 2025. *See* ECF No. 67. The Court set a

19  final motions deadline for July 22, 2025 and a hearing date for August 21, 2025. *Id.*

20       Mr. Portillo filed two additional pretrial motions on July 22, 2025. ECF Nos. 59, 68.

After the August 21 hearing, the Court entered an order denying all motions except for the

SECOND ORDER ON PRETRIAL MOTIONS ~ 4

Motion in Limine, which was granted in part, denied in part, and reserved in part. ECF No. 81.

At the final pretrial conference on September 22, 2025, the date the trial was scheduled to begin, Mr. Marchi advised the Court that the Government had recently disclosed the identity of the confidential source and he discovered a potential ethical conflict. ECF No. 95. The Court queried Mr. Portillo and he agreed his attorney had a conflict. On the record, the Court struck the trial date, set a new trial date of January 5, 2025, and orally made an ends of justice finding. ECF No. 95; ECF No. 130 at 17-28. The Court ordered Mr. Portillo be appointed conflict-free counsel and specifically advised Mr. Portillo that if new counsel believed an earlier trial date was feasible, they could work that out with the Court. ECF No. 130 at 18.

The Court subsequently entered a written order indicating that after hearing from the parties and Mr. Portillo, it found that new counsel should be appointed to ensure Mr. Portillo has conflict-free representation and the effective assistance of counsel. ECF No. 97. The Court further found that after taking into account the exercise of due diligence, the current trial date would deprive newly appointed counsel of adequate time to obtain and review discovery and conduct effective preparation, and that the ends of justice were served by a continuance. ECF No. 97. Current counsel, Ms. Bennett, was appointed the same day. ECF No. 98.

Mr. Portillo has since filed additional pretrial motions, of which the eight motions referenced above remain pending. All of Mr. Portillo's dispositive motions were noted for hearing on December 18, 2025.

ANALYSIS

1.     Motion to Dismiss (ECF No. 102)

Mr. Portillo argues the delays in bringing his case to trial violate his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 1361, and the Sixth Amendment. Each is addressed in turn.

*Speedy Trial Act*

The Speedy Trial Act requires that a defendant be brought to trial within 70 days from the filing date of the indictment, or from the date the defendant has appeared before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). Because more than 400 days have passed since his arraignment, Mr. Portillo contends that his consistent request for a speedy trial require that the Superseding Indictment be dismissed. The Court disagrees.

While the Speedy Trial Act provides a right to trial within 70 days, the Act also recognizes that the circumstances of a particular case may justify continuances and the exclusion of time from the 70-day clock. Under 18 U.S.C. § 3161(h)(7)(A), the Court can exclude "[a]ny period of delay resulting from a continuance granted by the judge" if the judge finds "that the ends of justice served by" the continuance "outweigh the best interest of the public and the defendant in a speedy trial." A continuance request under §

SECOND ORDER ON PRETRIAL MOTIONS ~ 6

3161(h)(7)(A) need not be made by the defendant. It can also be made by the judge, defense counsel, or the attorney for the government. *Id*.

An ends of justice continuance has two requirements: (1) the continuance must be specifically limited in time; and (2) it must be justified on the record with reference to the facts at the time the delay is ordered. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Factors to be considered are the likelihood of a miscarriage of justice, the complexity of the case, and the lack of opportunity for counsel to complete adequate trial preparations using due diligence. 18 U.S.C. § 3161(h)(7)(B).

This Court previously found that the first four continuances in this case were "fully justified" and met the requirements of 18 U.S.C. § 3161(h)(7). ECF No. 81. Accordingly, the question is whether the requirements of the Speedy Trial Act were satisfied as to the fifth continuance. The Court's findings at the hearing and by written order similarly meet the requirements of the Speedy Trial Act. ECF No. 95.

Mr. Portillo's main argument is that if the Government had disclosed the name of the confidential source sooner, Mr. Marchi's conflict would have been discovered sooner. According to Mr. Portillo, the failure to provide the name of the confidential source to Mr. Marchi immediately when he was appointed resulted in five months of wasted time during the period of his appointment from April 2025 to September 2025.

The argument ignores the Government's limited privilege to withhold the identify of confidential sources. *Roviaro v. United States*, 353 U.S. 53 (1957); *United States v. Sai Keung Wong*, 886 F.2d 252, 255 (9th Cir. 1989). A court must balance the "particular

SECOND ORDER ON PRETRIAL MOTIONS ~ 7

circumstances of each case, taking into consideration the crime charged, the possible

defenses, the possible significance of the informer's testimony, and other relevant factors."

*Roviaro*, 353 U.S. at 62. The Government has shown that as late as September 9, 2025,

Mr. Marchi was engaged in plea negotiations. ECF No. 113, 115. The Government had a

legitimate interest in withholding the name of the confidential source until it was sure that

plea negotiations would not be successful and this matter would proceed to trial. The

Speedy Trial Act was not violated under these circumstances.

*Sixth Amendment*

Mr. Portillo also argues the continuances in this case have violated his Sixth

Amendment right to a speedy trial. Four factors are relevant assessing Sixth Amendment

speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the

defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant.

*United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003) (citing *Barker v. Wingo,*

407 U.S. 514, 530, 92 S.Ct. 2182 (1972)). Each factor is considered in turn.

First, this Court previously found that the delay between initial appearance and trial

greater than one year is presumptively prejudicial. *See Doggett v. United States,* 505 U.S.

647, 652 n.1, 112 S.Ct. 2686 (1992). Although there has since been an additional

continuance, as noted above, the continuance occurred because Mr. Portillo's prior counsel

discovered a conflict of interest and reported it to the Court on the date previously set for

trial. Clearly, new counsel could not have provided effective assistance and proceeded to

1  trial that very day. Accordingly, the Court set a new trial date which did not increase the

2  delay in a great or unreasonable manner.

3        Mr. Portillo suggests the delay between the last trial date in September and the

4  current trial date of January 5, 2026, was too long. At the September 22 hearing, after

5  finding a new attorney should be appointed for Mr. Portillo and setting the new trial date

6  of January 5, 2026, the Court indicated that if new counsel could be ready for trial earlier

7  than January 5, they should let the Court know to try to work in an earlier date. Counsel

8  never made any such request with the Court. Rather, counsel has filed at least 10 pretrial

9  months over the span of several months, including a Second Motion in Limine filed on the

10  very morning of the pretrial conference (ECF No. 154). Given these circumstances, it

11  appears the January 5, 2026 trial date setting was reasonable.

12        The length of the delay at best weighs slightly in Mr. Portillo's favor after taking

13  into account the cumulative delay of five continuances. *See United States v. King,* 483

14  F.3d 969, 976 (9th Cir. 2007) (concluding nearly two-year delay was "not excessive" and

15  did not weigh seriously in the defendant's favor); *Gregory*, 322 F.3d at 1162 (finding

16  delay of 22 months "not excessively long" which did not "weigh heavily" in defendant's

17  favor); *United States v. Tanh Huu Lam,* 251 F.3d 852, 857 (9th Cir. 2001) (finding a 15-

18  month delay triggered *Barker* inquiry but would only "militate slightly in [defendant's]

19  favor"); *United States v. Beamon,* 992 F.2d 1009, 1014 (determining 17-month and 20-

20  month delays were not "great").

Second, Mr. Portillo challenges the reason for the delay. The reason for the delay is the "focal inquiry." *King*, 483 F.3d at 976 (quoting *United States v. Sears, Roebuck & Co.,* 877 F.2d 734, 739-40 (9th Cir.1989)). The Court previously found the government was not at fault for the first four continuances and now considers only the fifth continuance. The Court disagrees with Mr. Portillo's assertion that the government was negligent or at fault for the fifth delay. As previously found by the Court, the record shows Mr. Portillo's first attorney was able to view the video of the controlled buy at some point before October 21, 2024. *See* ECF No. 40 at 10. By June 4, 2025, the Government made the video available to the defense in a format by which Mr. Portillo could view it. ECF No. 115 at 5. Mr. Marchi and the Government were engaged in plea negotiations until September 9, 2025, when the Government disclosed the name of the confidential source. Any suggestion that the Government was somehow aware of a potential conflict between the witness and Mr. Marchi but chose to ignore it is unfounded. *See* ECF No. 151 at 7. To the extent any delay was caused by the Government's protection of the identity of the confidential source, it was not due to negligence and did not cause unreasonable delay. *See* ECF No. 81 at 11.

Mr. Portillo also reasserts that delay caused by an investigation related to circumstances at the time of his arrest was unjustified. The Court previously found that any delay related to an investigation in the Western District of Washington regarding the death of a juvenile discovered at the time of Mr. Portillo's arrest is not indicative of negligence or misconduct. ECF No. 81 at 11. This finding is unchanged.

The Court also notes Mr. Portillo has had four attorneys in this matter. While Mr. Portillo disputes various issues related to the causes and reasons for changes of counsel, the fact of the matter is that to provide adequate representation, each attorney required time to review discovery and the file, consult with Mr. Portillo, confer with the Government and otherwise work the case. After considering all of the circumstances, the Court finds the delay in this case was not an unreasonable delay and the Government was not at fault for the delay.

Regarding the third factor, as the Court previously found, Mr. Portillo's assertion of his speedy trial rights weighs somewhat in his favor. Mr. Portillo has personally opposed continuances in this matter and expressed a desire to exercise his right to a speedy trial. However, "the mere fact of proper, timely assertion [of speedy trial rights] does not warrant dismissal" *United States v. Turner*, 926 F.2d 883, 889 (9th Cir. 1991). This has not changed since the Court's prior order. ECF No. 81. Furthermore, the Court notes that despite inviting Mr. Portillo's counsel to work something out with the Court if a trial date earlier than January 5, 2026 was feasible, counsel never contacted the Court of filed a motion in this regard.

The fourth and final factor involves a showing of prejudice. Mr. Portillo claims prejudice because he has not been able to see his two-year-old daughter or his adoptive mother, he has increased mental distress, and he has been unable to take advantage of programs that might be available to him in prison, if convicted. These are not circumstances constituting prejudice. As the Court previously found, Mr. Portillo's

SECOND ORDER ON PRETRIAL MOTIONS ~ 11

separation from family and anxiety of awaiting resolution of his case do not constitute prejudice and are faced by most individuals who are detained while awaiting trial. *See United States v. Myers*, 930 F.3d 1113, 1122-23 (9th Cir. 2019).

The balance of the four applicable factors still weighs against Mr. Portillo. The Court therefore concludes that the delay in this case has not violated Mr. Portillo's Sixth Amendment right to a speedy trial.

Based on the foregoing, Mr. Portillo's Motion to Dismiss based on alleged Speedy Trial Act and Sixth Amendment violations is denied.

## 2.    Motion to Dismiss for Due Process Violations (ECF No. 103)

Mr. Portillo contends his due process rights have been violated in three ways: (1) ineffective assistance of counsel; (2) by the government's discovery policy; and (3) by vindictive prosecution. Each is considered in turn.

### *Ineffective Assistance of Counsel*

The gist of Mr. Portillo's argument is that his first attorney, Mr. Shelton, provided ineffective assistance by moving for two continuances despite his stated desire to proceed with a speedy trial. According to Mr. Portillo, Mr. Shelton was ineffective by ignoring his objection to continuances, failing to file a motion to dismiss, and failing to file a motion to exclude evidence, all of which led to excessive pretrial incarceration.

To succeed on a claim for ineffective assistance of counsel, a defendant must (1) establish that prior counsel's representation fell below an objective standard of reasonableness; and (2) that but for counsel's errors, the result of the proceeding would be

SECOND ORDER ON PRETRIAL MOTIONS ~ 12

1  different. *See Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052 (1984) ("An

2  error by counsel, even if professionally unreasonable, does not warrant setting aside the

3  judgment of a criminal proceeding if the error had not effect on the judgment.").

4      "To prove deficiency of performance, the defendant must show counsel made errors

5  so serious that performance fell below an objective standard of reasonableness under

6  prevailing professional norms." *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992) (citing

7  *Strickland,* 466 U.S. at 687–88)). The court must inquire "whether counsel's assistance was

8  reasonable considering all the circumstances" at the time of the assistance. *Id.* at 688.

9  There is a strong presumption that counsel's assistance was adequate. *Id.* at 689.

10      To prove prejudice "[t]he defendant must show that there is a reasonable probability

11  that, but for counsel's unprofessional errors, the result of the proceeding would have been

12  different." *Id.* at 694; *see also United States v. McMullen,* 98 F.3d 1155, 1157 (9th Cir.

13  1996). "A reasonable probability is a probability sufficient to undermine confidence in the

14  outcome." *Strickland,* 466 U.S. at 695.

15      The continuances requested by Mr. Shelton have been found by this Court to be

16  "fully justified." ECF No. 81. Mr. Portillo even admits, "To be fair, when [Mr. Shelton]

17  asked for those continuances, he might have believed he was protecting Mr. Portillo . . . "

18  ECF No. 103 at 10. With regard to Mr. Shelton's alleged failure to file motions to dismiss

19  and exclude evidence, Mr. Portillo must show the outcome of this matter would have been

20  different, had those motions been filed. He has not done so. Indeed, Mr. Portillo has not

shown that there are any viable reasons for obtaining dismissal of his charge. Mr. Portillo

SECOND ORDER ON PRETRIAL MOTIONS ~ 13

may have been frustrated that Mr. Shelton did not abide by his requests to file meritless motions, but it is an attorney's prerogative to decide which legal issues to raise in a case, not the client's. *See McCoy v. Louisiana*, 584 U.S. 422, 138 S.Ct. 1500 (2018). As an officer of the Court, an attorney has an ethnical duty not to raise legal arguments that have no basis in law or fact. *See* Wash. Rules of Pro. Conduct 3.1.

## Government's Discovery Policy

Mr. Portillo argues the Government's discovery policy violates his right to due process through untimely discovery, resulting in excessive pretrial incarceration. In essence, Mr. Portillo argues that due process is violated when the Government ties release of certain items of discovery (in this case, video of the controlled buy, text messages from the confidential source, and the name of the confidential source) to plea negotiations and the threat of greater charges with higher mandatory minimums.

It is established law that prosecutors may condition plea agreements on acceptance of terms other than pleading guilty, such as disclosure of evidence, and they may follow through on threats to enhance charges if those conditions are not accepted. *United States v. Kent*, 649 F.3d 906, 912-13 (9th Cir. 2011). The law clearly allows prosecutors to bring more severe charges when a defendant rejects a plea and chooses to exercise his constitutional rights. *Bordenkircher v. Hayes*, 434 U.S. 357, 364-65 (1978). Mr. Portillo has cited no authority supporting a finding to the contrary. The Motion to Dismiss on this basis is denied.

## Vindictive Prosecution

SECOND ORDER ON PRETRIAL MOTIONS ~ 14

1    Mr. Portillo contends he has been subjected to vindictive prosecution in two ways:

2    (1) because he was charged with a superseding indictment after receiving the name of the

3    confidential source; and (2) he "suspects" he may have been targeted for investigation

4    and/or prosecution for a vindictive motive. ECF Nos. 103, 132 at 6.

5    To establish a *prima facie* case of prosecutorial vindictiveness, a defendant must

6    show either (1) direct evidence of actual vindictiveness; or (2) facts that warrant an

7    appearance of vindictiveness. *See United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168

8    (9th Cir. 1982).

9    With regard to Mr. Portillo's argument about the superseding indictment, the

10   appearance of vindictiveness test is not a per se rule striking down any increased charge

11   following any act by the defendant. *Id.* at 1168. Departures from the initial indictment do

12   not raise presumptions of vindictiveness except in a rare case. *Id.* at 1170. When additional

13   charges are added during pretrial proceedings while plea negotiations are ongoing,

14   'vindictiveness will not be presumed simply from the fact that a more severe charge

15   followed on, or even resulted from, the defendant's exercise of a right.'" *Kent*, 649 F.3d at

16   913 (quoting *United States v. Gamez–Orduno,* 235 F.3d 453, 462 (9th Cir. 2000)).

17   Accordingly, there is no appearance of vindictiveness resulting from the release of the

18   name of the confidential source and failed plea negotiations in this case.

19   With regard to Mr. Portillo's claim of vindictive prosecution and/or investigation

20   based on his relationship to others involved in a civil case in another jurisdiction, *see* ECF

     No. 132, he has presented nothing more than speculation. For a claim of vindictive

prosecution, the defendant must show vindictiveness on the part of those who made the

charging decision. *United States v. McWilliams*, 730 F.2d 1218, 1221 (9th Cir. 1984); *see*

*United States v. Hooton*, 662 F.2d 628, 634 (9th Cir. 1981). There is not a scintilla of

evidence or single fact, other than Mr. Portillo's own suspicion, suggesting that the

charging decision in federal court in the Eastern District of Washington is somehow tied to

his relationship to a plaintiff in a civil lawsuit in another jurisdiction. *See* ECF No. 117

(sealed).

At the hearing, Mr. Portillo argued that by raising the issue of prosecutorial

vindictiveness, he is entitled to discovery so he can find evidence to prove his case. To

obtain discovery for a claim of vindictive prosecution, there must be "a *prima facie*

showing of a likelihood of vindictiveness *by some evidence* tending to show the essential

elements of the defense." *United States v. One 1985 Mercedes*, 917 F.2d 415, 421 (9th Cir.

1990) (emphasis added). Mr. Portillo has presented no evidence, other than his own

suspicion, of vindictive prosecution and is not entitled to discovery on that issue.

The motion to dismiss based on vindictive prosecution is denied.

3.      Motion to Dismiss for Various Rule Violations (ECF No. 104)

Mr. Portillo contends the Government violated the Federal Rule of Criminal

Procedure 16, Local Criminal Rule 16, and court orders regarding discovery and that his

case should therefore be dismissed or late-produced evidence should be excluded. Mr.

Portillo argues that the Government failed to meet its discovery obligations by providing

seven discovery productions between June 24, 2024 and October 28, 2025.

SECOND ORDER ON PRETRIAL MOTIONS ~ 16

1    The Government notes it provided initial discovery and a discovery letter on June

2    25, 2024, which advised defense counsel that additional discovery was anticipated. ECF

3    No. 115 (citing ECF No. 104-3 at 78-79 (sealed)). The letter also advised that the

4    Government "is not disclosing the audio/video, surveillance photos, and/or text messages

5    which would prematurely identify any confidential sources utilized during this

6    investigation." ECF No. 103-3 at 79. Defense counsel was invited to set an appointment to

7    view the items under certain conditions, and each of Mr. Portillo's prior attorneys did so.

8    As noted above, to protect the confidential source, the Government delayed making the

9    video and other evidence identifying the confidential source available to Mr. Portillo

10    personally while plea negotiations were ongoing. Ultimately, the Court ordered disclosure

11    of the video to Mr. Marchi in a manner viewable by Mr. Portillo, which the Government

12    did, and the Government disclosed the name of the confidential source to Mr. Marchi

13    shortly before the anticipated September 22, 2025 trial date.

14    Mr. Portillo essentially contends that the timing of the release of discovery

15    prejudiced him in this matter. As discussed throughout this order, the delay in providing

16    identifying information to Mr. Portillo regarding the confidential source was a reasonable

17    tactic employed for the safety of the confidential source while plea negotiations were

18    ongoing. Even if the Government did unreasonably delay in delivering any discovery (and

19    the Court does not so find), the Court concludes the proper remedy would not be dismissal

20    or exclusion of the evidence.

4.    Motion to Dismiss for Entrapment (ECF No. 122)

SECOND ORDER ON PRETRIAL MOTIONS ~ 17

1   Mr. Portillo's Motion to Dismiss for Entrapment is based on three theories. Each is

2   discussed in turn.

3   *Entrapment*

4   Mr. Portillo contends his case should be dismissed based on the defense of

5   entrapment. Federal Rule of Criminal Procedure 12 allows a defendant to assert a defense

6   in a pretrial motion only when there is no factual question. *United States v. Schafer*, 625

7   F.3d 629, 635 (9th Cir. 2010). Pretrial motions for entrapment are generally disfavored

8   because they involve intent and credibility which must be decided at trial. *See Sherman v.*

9   *United States*, 356 U.S. 369, 377, 78 S.Ct. 819 (1958); *see also Mathews v. United States*,

10  485 U.S. 58, 63, 108 S.Ct. 883 (1988); *United States v. Fadel*, 844 F.2d 1425, 1430 (10th

11  Cir. 1988). To demonstrate entrapment as a matter of law, "a defendant must point to

12  undisputed evidence making it patently clear that an otherwise innocent person was

13  induced to commit the illegal act by tricker, persuasion, or fraud of a government agent."

14  *United States v. Williams*, 547 F.3d 1187, 1197 (9th Cir. 2008). In assessing the claim of

15  entrapment as a matter of law, the court must view the evidence in the light most favorable

16  to the government. *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000).

17  The evidence of entrapment set forth by Mr. Portillo includes his characterization of

18  the circumstances leading to the controlled buy on June 8, 2023. He questions why he was

19  targeted for a controlled buy and the circumstances of the controlled buy. These are not

20  undisputed factual matters which can be determined without trial. As such, Mr. Portillo's

    motion to dismiss based on entrapment is denied. To the extent Mr. Portillo seeks to set

forth an entrapment defense at trial, the Court reserves ruling. The Court also notes than in attempting to show entrapment, Mr. Portillo may open the door to admission of prior convictions and prior acts evidence under FRE 609(a)(1)(B) and FRE 609(a)(1)(B). *See* ECF No. 81.

### Selective Prosecution

Mr. Portillo contends he was selectively prosecuted and the case against him should therefore be dismissed. To prove selective prosecution, the defendant bears the burden to "demonstrate that (1) other similarly situated individuals have not been prosecuted and (2) his prosecution was based on an impermissible motive." *United States v. Sutcliffe*, 505 F.3d 944, 954 (9th Cir. 2007). Proving selective prosecution is "particularly demanding" and requires a defendant to introduce "clear evidence" to displace the presumption that a prosecutor has acted lawfully. *Id.* (citations and quotations omitted). This involves a "rigorous standard" of showing that the government has failed to prosecute others who are similarly situated to the defendant as evidence of discriminatory effect. *Id.* The evidence is viewed in the light most favorable to the Government in such claims. *United States v. Rundo*, 108 F.4th 792, 799 (9th Cir. 2024).

A defendant is not entitled to discovery on the selective prosecution claim without first making a "credible showing of different treatment of similarly situated persons" which "adequately balances the Government's interest in vigorous prosecution and the defendant's interest in avoiding selective prosecution." *United States v. Armstrong*, 517 U.S. 456, 470, 116 S.Ct. 1480 (1996).

SECOND ORDER ON PRETRIAL MOTIONS ~ 19

1  The facts asserted by Mr. Portillo in support of the claim of selective prosecution

2  involve the prosecution of the confidential source. Mr. Portillo has not established that this

3  case involves selective prosecution.

4

5  *Vindictive Prosecution*

6  This is duplicative of arguments in the Motion to Dismiss for Due Process

7  Violations and as such, is denied for the same reasons stated above.

8  5.    Motion in Limine (ECF No. 123)

9  Mr. Portillo has filed a motion to exclude certain testimony and evidence. As an

10  initial matter, the Court's ruling on Mr. Portillo's first Motion in Limine (ECF No. 68) is

11  affirmed. ECF No. 81. The issues raised by the current Motion in Limine are addressed in

12  turn.

13  *Exclusion of Witnesses Matthew Perry and Erik Horbatko*

14  Mr. Portillo contends the Government has provided no reports in discovery that

15  reference Mr. Perry or Mr. Horbatko and that they should therefore be excluded as

16  witnesses. Mr. Portillo cites no authority in support of this request. It is therefore denied.

17  Mr. Portillo also complains he has not been able to interview witnesses prior to trial.

18  While a defendant has the right to try to interview witnesses before trial, *see United States*

19  *v. Cook*, 608 F.2d 1175, 1180 (9th Cir. 1979) (quotations and citations omitted), the

20  defendant's right of access to a witness "exists co-equally with the witnesses' right to

refuse to say anything." *United States v. Rice,* 550 F.2d 1364, 1374 (5th Cir.), *cert. denied,*

SECOND ORDER ON PRETRIAL MOTIONS ~ 20

434 U.S. 954, (1977). The defendant's right of access is not violated when a witness chooses not to be interviewed. *United States v. Black*, 767 F.2d 1334, 1338 (9th Cir. 1985). The Government indicates the witnesses do not want to be interviewed by the defense. The motion to exclude the witnesses is denied.

### *Western District of Washington Investigation*

Mr. Portillo seeks to prohibit the Government from referencing the Western District of Washington investigation resulting from circumstances existing at the time of his arrest. The Government generally agrees the investigation is not relevant to the issue of distribution of fentanyl on June 8, 2023, and states it does not intend to introduce evidence regarding the circumstances of Mr. Portillo's arrest on May 10, 2024 on direct examination. ECF No. 137 at 3. As such, the request to exclude references to the investigation is denied as moot. However, the Court reserves ruling on the relevance if the Government seeks to introduce testimony regarding the investigation in response to testimony elicited by Mr. Portillo at trial.

### *Video of Controlled Buy*

Mr. Portillo requests the 47-minute video of the controlled buy be limited to what he deems to be the relevant segments. The Court finds the entire video is relevant and denies the request to limit the video. The Court will allow less than the full video to be shown if the parties agree as to what portion or portions should be shown.

### *Witness Communication*

Mr. Portillo requests the Government's witnesses be prohibited from having any communication with each other during pendency of the trial, and that the Government be instructed to refrain from informing subsequent witnesses of prior witnesses' testimony and the content of defense's questioning of prior witnesses. This request is granted in part. Witnesses are prohibited from disclosing trial testimony to other witnesses and will be excluded from the courtroom, except that the Government may designate a law enforcement representative to sit at counsel table. Fed. R. Ev. 615. The motion is denied to the extent it requests all communication be prohibited between witnesses as to matters not related to trial testimony.

6.    Second Motion to Compel Discovery (ECF No. 141)

Mr. Portillo seeks additional discovery from the Government. Each request is discussed in turn.

1)    All records of communications between him and the CS or at least those that pertain to drug distribution. Opportunity to examine related physical evidence (cell phones).

The Motion to Compel is granted to the extent the Government is in possession of any records of communications between the confidential source and Mr. Portillo that have not been previously disclosed. The request to examine the CS's cell phone is denied as it is not in the Government's possession or control. Fed. R. Cr. P. 16(a)(1)(E). The request to examine Mr. Portillo's cell phone is denied as moot.

2)    Discovery records related to CS's conviction for drug trafficking.

The Government has already disclosed to Mr. Portillo the monetary payments made to the CS, immigration benefits to the CS, the details of the CS's underlying federal case, the US's sentencing recommendation and the ultimate sentence, the CS's criminal history, and information regarding the CS's lack of substance abuse treatment. The United States has also provided supporting documentation, including the CS's written plea agreement and addendum. The Government indicates it has provided all records of communication between the CS and the Government as they relate to Mr. Portillo. At the hearing, the Government agreed to provide Mr. Portillo the CS's Judgment and Sentence which is a public record. The request is denied as moot.

> 3) <u>All records of communication between the CS and law enforcement regarding this case. Records related to the others targeted by this source. Or a summary of the assistance he gave. The opportunity to examine related physical evidence such as cell phones</u>.

This request is denied. Mr. Portillo is entitled to the CS's prior statements that pertain to his or her anticipated testimony. *See* Fed. R. Cr. P. 26.2. Mr. Portillo is also entitled to any impeachment evidence regarding the CS. But it appears these materials have been provided. Mr. Portillo is not entitled to statements made by the CS to law enforcement regarding other criminal cases or investigations unless such statements would constitute impeachment evidence, relevant to the current case.

> 4) <u>All records/notes/communications related to this case. Records related to the decision to target and charge Portillo. Opportunity to examine related physical evidence (cell phones). List of names of everyone present at January 2023 meeting with CS</u>.

SECOND ORDER ON PRETRIAL MOTIONS ~ 23

This request is denied. Mr. Portillo is entitled to the names of potential witnesses, which have been provided. He cites no authority for his additional requests. The Government is only required to grant discovery as to documents or objects "within the government's possession, custody, or control." FRCrP 16(a)(1)(E). Furthermore, under FRCrP 16(a)(2) the Government is not generally required to disclose "internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."

5)    All notes/records/communications related to the decision to target Portillo and/or charge him including related to the January 2023 meeting.

This request is denied. FRCrP 16(a)(2) indicates this is not subject to disclosure.

6)    Opportunity to examine related physical evidence such as cell phones.

This request is denied. Mr. Portillo cites no authority for this request. The Government is, of course, required to turn over any exculpatory evidence or information in its possession. But there is no rule or law requiring the Government to open up its data bases to allow the defendant or defense counsel to search for exculpatory information. Under FRCrP 16, a defendant is entitled to "examine Government documents material to the preparation of their defense against the Government's case in chief, but not to the preparation of" affirmative defenses. *Armstrong*, 517 U.S. at 463.

7)    Reports from the Western District referenced by the United States as a basis to continue trial.

This request is denied. The Government indicates that it has disclosed any materials in its possession regarding the investigation in the Western District of Washington.

SECOND ORDER ON PRETRIAL MOTIONS ~ 24

8)  <u>List of restricted discovery and opportunity to review that evidence including physical evidence like cell phones</u>.

This request is denied. The Government is required under Rule 16 to provide discovery. It has no obligation to provide a list of things that are not discovery.

9)  <u>Interview CS before the pretrial hearing. Opportunity to question him before trial. Opportunity to question him after he has testified in case in chief</u>.

This request is denied. As set forth above, the Government cannot interfere with Mr. Portillo's ability to interview a witness before trial, but if a witness does not want to talk to the defense, that is his prerogative. The Government indicates the CS has declined to participate in a pretrial interview.

10)  <u>Interview government's expert witness before trial</u>.

This request is denied as set forth above.

11)  <u>Opportunity to examine Portillo's cell phone</u>.

This request is denied as moot. There is no evidence or claim that the phone was illegally seized. Mr. Portillo could have requested a forensic imaging of the phone but did not do so. The phone is available to return to the defense.

12)  <u>All reports/records/communications related to law enforcement plan to offer counterfeit cocaine to Portillo. Records related to policies on law enforcement's use of counterfeit drugs as enticement in buys</u>.

At the hearing, the Government agreed that if the Department of Justice or the United States Attorney's Office has a written policy regarding the use of counterfeit substances in drug trafficking investigations, it will be disclosed. Otherwise, the request is denied. *See* FRCrP 16(a)(2).

SECOND ORDER ON PRETRIAL MOTIONS ~ 25

13) <u>The date either AUSA first discovered Marchi represented CS's codefendant</u>.

This request is denied. There is no authority for this request. There is no information that the U.S. Attorney's office was aware that Mr. Marchi's prior representation would cause a conflict. It is not discoverable under FRCrP 16(a)(2).

## 7.    Motion to Return Property (ECF No. 144)

Mr. Portillo seeks return of his cell phone which was seized at the time of his arrest. The Government indicates the phone is now available for return to Mr. Portillo. As such, the Motion to Return Property is denied as moot.

## 8.    Second Motion in Limine (ECF No. 154)

As an initial matter, the Second Motion in Limine was not timely filed, as it was filed at 5:00 a.m. on the morning of the pretrial conference. The Motion requests the Court exclude evidence listed on the Government's Exhibit List consisting of screenshots of text messages. The motion to exclude the text messages before trial is denied. The Court reserves ruling on the admissibility of the text messages at trial.

CONCLUSION

Based on the foregoing, the Court's ruling is as follows:

1. Mr. Portillo's Motion to Dismiss (**ECF No. 102**) is **DENIED**.

2. Mr. Portillo's Motion to Dismiss for Due Process Violations (**ECF No. 103**) is **DENIED**.

3. Mr. Portillo's Motion to Dismiss for Violations of the Federal Rules of Criminal Procedure, Local Court Rules & Court Orders (**ECF No. 104**) is **DENIED**.

4. Mr. Portillo's Motion to Dismiss for Entrapment (**ECF No. 122**), is **DENIED**.

5. Mr. Portillo's Motion in Limine **(ECF No. 123)** is **GRANTED in part**, **DENIED in part**, and **RESERVED in part**.

6. Mr. Portillo's Second Motion to Compel Discovery, **(ECF No. 141)**, is **GRANTED in limited part** and **DENIED in part.**

7. Mr. Portillo's Motion to Return Property **(ECF No. 144)** is **DENIED as moot**.

8. Mr. Portillo's Second Motion in Limine (**ECF No. 154**) is **DENIED in part** and **RESERVED in part**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** December 19, 2025.

REBECCA L. PENNELL
United States District Judge