FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>CHRISTIAN PORTILLO,<br><br>            Defendant. | No.   1:23-CR-2060-RLP-1<br><br>ORDER OF MISTRIAL AND SETTING NEW TRIAL DATE |

      On January 5, 2026, a jury trial in this matter commenced. ECF No. 170. The jury was excused for deliberations at 11:04 a.m. on January 7, 2026. ECF No. 176. At 12:05 p.m., the jury sent the Court a question regarding the significance of the weight of the drugs at issue. ECF No. 177. After consulting with counsel, the Court sent a written response. ECF No. 179.

      At 3:05 p.m., the jury sent the Court a note stating it was unable to come to a unanimous decision and "determined that we will not be changing our votes which means

ORDER OF MISTRIAL AND SETTING NEW TRIAL DATE ~ 1

we will not be unanimous." ECF No. 180. The Court conferred with the parties and outlined its proposed response. Counsel for the United States requested the Court provide the jury with the Ninth Circuit Model Criminal Jury Instruction 6.25, "Deadlocked Jury," which is the model instruction for an *Allen* charge. Defense counsel objected to any instruction suggesting additional deliberation was encouraged or required. At 3:37 p.m., the Court sent a response note to the jury stating that if the jury was able to reach a unanimous verdict as to Question No. 1 on the verdict form, they may answer Question No. 1 only and not answer Question No. 2. ECF No. 182.

At 3:52 p.m., the jury sent the Court a note stating they were unable to come to a unanimous verdict as to Question No. 1 on the verdict form. ECF No. 183. The Court conferred with the parties regarding a plan for proceeding and the parties agreed the jury appeared to be deadlocked.

At 3:55 p.m., the jury was brought into open court with the parties present. The Court inquired if it was the jury foreperson's opinion that the jury would be unable to reach a verdict as to Question No. 1 on the verdict form. The jury foreperson responded in the affirmative. The Court asked the jury if any juror disagreed with the answer given by the foreperson and no juror indicated that they disagreed. The Court asked whether any juror thought further deliberations would be fruitful, and no juror responded. At 3:59 p.m., the jury was excused.

ORDER OF MISTRIAL AND SETTING NEW TRIAL DATE ~ 2

The Court conferred with the parties about its plan to declare a mistrial. The parties agreed a mistrial was appropriate. The Cour then declared a mistrial based on the jury's determination that they were unable to reach a unanimous verdict.

According to the Ninth Circuit,

> In determining whether to declare a mistrial because of jury deadlock, relevant factors for the district court to consider include the jury's collective opinion that it cannot agree, the length of the trial and complexity of the issues, the length of time the jury has deliberated, whether the defendant has objected to a mistrial, and the effects of exhaustion or coercion on the jury. The most critical factor is the jury's own statement that it [was] unable to reach a verdict.

*United States v. Hernandez-Guardado*, 228 F.3d 1017, 1029 (9th Cir. 2000) (citations and internal quotation marks omitted). Declaring a mistrial when the jury is unable to reach a verdict "has long been considered the 'classic basis' establishing such a necessity." *Blueford v. Arkansas*, 566 U.S. 599, 609 (2012) (citation omitted). "A district court need not, and indeed should not, order continued deliberations once it becomes apparent that hopeless deadlock exists." *United States v. Jefferson*, 566 F.3d 928, 936 (9th Cir. 2009) (finding "no serious dispute" regarding genuine deadlock "because the jury notified the district court as such on several occasions").

The Court considered the relevant factors and found it appropriate to declare a mistrial. The jury deliberated for approximately five hours, which is consistent with the scope of the evidence and number of issues in this case. The jury asked a question regarding the amount of the drugs at issue. The jury indicated three times that it could not

ORDER OF MISTRIAL AND SETTING NEW TRIAL DATE ~ 3

reach a unanimous decision, twice in writing and once when asked in open court. Defendant opposed any instruction requesting further deliberation and asked the Court to order a mistrial. The Government agreed that the jury was deadlocked. The Court found that it should declare a mistrial as the jury deliberated and attempted to come to a unanimous decision but could not do so.

After declaring a mistrial, the Court conferred with counsel and set a new trial date of February 23, 2026. *See* 18 U.S.C. § 3161(e). The Court found that, after taking into account the exercise of due diligence, any earlier trial date would deprive defense counsel of adequate time to review trial transcripts and otherwise conduct effective preparation. 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, the Court found the ends of justice are served by the new trial date and further that the ends of justice served by the new trial date outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Accordingly, **IT IS ORDERED**:

1. The Court declares a **MISTRIAL** regarding the charge in the Superseding Indictment.
2. The Court **SETS** a new trial date of **February 23, 2026, at 9:00 a.m**. in Yakima, Washington, commencing with a final pretrial conference at 8:30 a.m.
3. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time between **January 7, 2026** (the date of the mistrial) and **February 23, 2026** is DECLARED EXCLUDABLE for purposes of computing time under the Speedy Trial Act.

4. The Court's prior rulings on pretrial motions are the law of the case. The Court does not consider rulings on motions during trial to be law of the case; thus, any objections to evidence or argument asserted at trial must be re-asserted. Any new pretrial motions, including motions *in limine*, shall be filed and served on or before **February 9, 2026** and noted for hearing at the pretrial conference. Any response to a pretrial motion shall be filed and served by **February 16, 2026**.

5. Any additional jury instructions, additional requested voir dire, or updated witness lists shall be filed and served on or before **February 9, 2026**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshal's Office.

**DATED** January 8, 2026.

REBECCA L. PENNELL
United States District Judge

ORDER OF MISTRIAL AND SETTING NEW TRIAL DATE ~ 5